UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NOJIR JEFFRIES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17CV148-PPS/MGG |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Nojir Jeffries, a prisoner representing himself, filed a habeas corpus petition challenging a disciplinary hearing in which a Disciplinary Hearing Officer found him guilty of "Trafficking" in violation of Indiana Department of Correction Policy A-113. ECF 1 at 1. Jeffries was docked 180 days earned credit time and was demoted in credit class, as a result.

Jeffries argues that there are three grounds which entitle him to habeas corpus relief. In Ground One, Jeffries argues that the hearing officer did not have sufficient evidence to find him guilty of Trafficking. In the context of a disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). This is an exceedingly modest standard. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine

whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

The IDOC defines Trafficking as "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101 APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Jeffries argues that the hearing officer could not find him guilty of trafficking based simply on his possession of a cell phone and synthetic marijuana. ECF 12 at 4. He asserts that, while he previously pled guilty and was sanctioned for possessing the cell phone and synthetic marijuana, there is no evidence that he used his cell phone for trafficking because he "cannot traffic through a cell phone." ECF 12 at 3.

There was more evidence of Jeffries' guilt than his simple possession of the phone and the synthetic marijuana. The Conduct Report was based on an Internal Affairs investigation which supported the conclusion that Jeffries engaged in extensive trafficking of synthetic marijuana using his cell phone. Jeffries' trafficking activities were evidenced by the many text messages he sent and received on his cell phone to purchase large quantities of synthetic marijuana and make unauthorized financial transactions with civilians and offenders utilizing PayPal, Wal-Mart to Wal-Mart, and other prepaid methods. ECF 7 at 3-5, 10. Jeffries sent text messages to civilians outside of the prison asking them to bring controlled substances to him at the prison and he

2

received text messages from others to purchase substances such as "tune," which is a term used to refer to synthetic marijuana. *Id*. at 4, 10.

In light of the evidence found on Jeffries' cell phone, it was not unreasonable or arbitrary for the hearing officer to credit the evidence contained in the confidential file along with the investigator's conclusion that Jeffries engaged in extensive trafficking activities at the Indiana State Prison. A review of the confidential file demonstrates there is sufficient evidence to have found Jeffries guilty of trafficking. Jeffries' admission that he possessed a cell phone and controlled substances, coupled with the evidence from the three-month internal investigation, meets the "some evidence" standard that supports the DHO's guilty finding. Thus, Ground One does not identify a basis for granting habeas corpus relief.

In Ground Two, Jeffries argues that his due process rights were violated because he did not receive the evidence he requested from the confidential file. ECF 1 at 2, ECF 12 at 4. A prisoner has a right to call witnesses and present documentary evidence in a prison disciplinary proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Here, the DHO explained, "I reviewed all evidence contained in the confidential IA File 16-IDP-0142." ECF 7-4 at 2. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Here, the confidential file is a vast compilation of detailed investigative information, over 380 pages in length, and could reasonably be believed to contain information which could pose a security threat

if released. Therefore, Ground Two does not provide a basis for granting habeas corpus relief.

In Ground Three, Jeffries argues that he was "disciplined twice for the cell phone" because the Conduct Reports for his cell phone and trafficking charges both identify the date of the incident as July 15, 2016. ECF 1 at 3. Here, the Respondent asserts that Jeffries did not exhaust his administrative remedies as to his third claim because he failed to raise it at the time of his first administrative appeal. ECF 7 at 14.

In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b). To have exhausted his administrative remedies, Jeffries must have properly presented the issue at each administrative level. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). In his administrative appeals, Jeffries never claimed the DHO disciplined him twice for the cell phone. Notwithstanding Jeffries' failure to exhaust, I may deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). I do so here because possessing a cell phone, on the one hand, and trafficking in synthetic marijuana, on the other, are two different things and constitute different offenses within the IDOC system. Possession of the cell phone was a violation of prison rules, and that's what Jeffries was penalized for in his earlier case. But in this case, the cell phone and its contents were simply *evidence* of trafficking. And it was the trafficking that

4

Jeffries was punished for in this case, not the cell phone. So Ground Three does not provide a basis for granting habeas corpus relief.

If Jeffries wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY:

Nojir Jeffries' petition for writ of habeas corpus is DENIED. The court DENIES petitioner leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The clerk is DIRECTED to close this case.

SO ORDERED on March 2, 2018.

                                               /s/ Philip P. Simon  
                                               JUDGE  
                                               UNITED STATES DISTRICT COURT